MATTER OF RODRIGUEZ

In Deportation Proceedings

A–14559693

*Decided by Board October 4, 1976*

In order for a suspension applicant, who is a native of a contiguous country, to establish pursuant to section 244(f) of the Immigration and Nationality Act, as amended, that he is ineligible to obtain an immigrant visa, he must show that his best efforts would not result in his being able to obtain a visa. Where, as in the instant case, respondent is ineligible for a visa under section 212(a)(17) of the Act and he has not applied and refuses to apply for relief (permission to reapply for admission after deportation) which, if granted, would remove the ground of ineligibility, he has not satisfied the requirement of section 244(f) by establishing ineligibility to obtain an immigrant visa; accordingly, the denial of his suspension application by the immigration judge was proper.

CHARGE:

Order: Act of 1952—Section 241(a)(1) [8 U.S.C. 1251(a)(1)]—Excludable at time of
entry

ON BEHALF OF RESPONDENT: Emanuel Braude, Esquire
215 West 5th Street
Los Angeles, California 90013

On October 17, 1975, the immigration judge entered an order in which he found the respondent deportable, denied the latter's application for suspension of deportation, and granted him the privilege of voluntary departure. The appeal will be dismissed.

The record relates to a married male alien, 37 years of age, a native and citizen of Mexico, who entered the United States without inspection during 1968. He conceded deportability. Accordingly, the finding of deportability rests upon evidence which is clear, convincing and unequivocal.

The relief of suspension of deportation is not available to the respondent, who is a native of a country contiguous to the United States, unless he establishes that he is ineligible to obtain an immigrant visa, section 244(f)(3) of the Immigration and Nationality Act. Inasmuch as the respondent is the father of a United States citizen, he does not require a labor certification and therefore is not ineligible for a visa under section 212(a)(14).

The respondent claims that he is ineligible for a visa pursuant to section 212(a)(17) as an alien who has been deported and who has not received permission to reapply. The respondent has been previously deported, and he has never received permission to reapply for admission. He concedes, however, that he has never made an application for that permission. Counsel argues that the respondent, who without permission appears to be eligible for suspension, cannot be forced to apply for permission and thereby be forced to lose his eligibility for suspension. Counsel characterizes the suggestion that the respondent must do so as requiring the respondent to "act as his own executioner." We reject counsel's argument. An applicant for suspension who is a native of a contiguous country must, by the terms of section 244(f), establish that he is ineligible to obtain an immigrant visa.

In order to establish ineligibility for an immigrant visa, the respondent must show that his best efforts would not result in his being able to obtain a visa. That has not been shown in this case, for the respondent refuses to apply for relief which is available and which, if granted, would remove the claimed ground of ineligibility. Were the respondent to obtain permission to reapply, he could utilize the normal consular channels to achieve lawful permanent resident status and he would not need the relief of suspension of deportation. The relief of suspension of deportation was not designed for such a person. The decision of the immigration judge to deny the application was correct. He considerately provided that, should an advance application for permission to reapply be made and denied, he would, upon his own motion, reconsider his denial of the application for suspension.

ORDER: The appeal is dismissed.

FURTHER ORDER: Pursuant to the immigration judge's order, the respondent is permitted to depart from the United States voluntarily within 90 days from the date of this order or any extension beyond that time as may be granted by the District Director; and in the event of failure so to depart, the respondent shall be deported as provided in the immigration judge's order.